UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case. No.:

ARNALDO NORONA,
MAYKEL RIVERA, and
RAFAEL A. SANCHEZ,

    Plaintiffs,

vs.

MULTIBAND FIELD SERVICES,
INCORPORATED,

    Defendant.

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff's, ARNALDO NORONA, MAYKEL RIVERA, and RAFAEL A. SANCHEZ (hereinafter referred to as "Plaintiffs") are or were employees of Defendant, MULTIBAND FIELD SERVICES, INCORPORATED ("Defendant"), and bring this action on behalf of themselves and other similarly situated employees of Defendant to recover overtime compensation, unpaid minimum wage compensation, liquidated damages, reasonable attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and Article X, Section 24 of the Florida Constitution.

2. At all times material hereto, Plaintiffs performed non-exempt services on behalf of the Defendant in Miami-Dade County, Florida, within the jurisdiction and venue of this Court.

3. Plaintiff ARNALDO NORONA was hired by Defendant in approximately September, 2011, and worked for Defendant until approximately October, 2012.

4. Plaintiff MAYKEL RIVERA was hired by Defendant in approximately March, 2010, and is currently still working for Defendant.

1

5. Plaintiff RAFAEL A. SANCHEZ was hired by Defendant in approximately October, 2011, and is currently still working for Defendant.

6. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not compensate Plaintiffs, and those similarly situated employees, for minimum wage and all overtime hours worked in a work week.

7. Defendant, MULTIBAND FIELD SERVICES, INCORPORATED own and/or operate a company for profit in Miami-Dade County, Florida, and employs persons such as Plaintiffs and other similarly situated employees to work on their behalf in providing labor for their practice. This Defendant is within the personal jurisdiction and venue of this Court.

8. At all times material hereto, Plaintiffs and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

9. This cause of action is brought to recover from Defendant overtime compensation, unpaid minimum wage compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiffs and all other current and former employees similarly situated during the material time.

10. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees as Plaintiffs are in the possession and custody of Defendant.

11. The records, if any, concerning the compensation actually paid to Plaintiffs and all other similarly situated employees are in the possession and custody of Defendant.

12. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). The Court has supplemental jurisdiction over the Plaintiff's claims arising under state law.

13. At all times pertinent to this Complaint, Defendant owned an operation and was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s). Based upon information and belief, the annual gross sales volume of the Defendants' business was in excess of $500,000.00 per annum at all times material hereto.

14. Alternatively, Plaintiffs and those similarly situated employees worked in interstate commerce so as to fall within the protections of the Act.

15. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiffs and those similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Plaintiffs and other similarly situated employees compensation to which they were lawfully entitled for the period of time each day they were engaged to wait on behalf of Defendant.

16. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked on or after November 19, 2009, and did not receive the required minimum wage rate of pay or time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

17. Plaintiffs have retained the Jaffe Glenn Law Group, P.A. to represent them individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

18. Plaintiffs re-allege and incorporate here by reference, all allegations contained in Paragraphs 1 through 17 above.

19. Plaintiffs are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

20. All similarly situated employees of Defendant are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

21. Defendant knowingly and willfully failed to pay Plaintiffs and the other similarly situated to them at time and one half of their regular rate of pay for all hours worked in excess of forty (40) hours per week. The failure of Defendant to compensate Plaintiffs at their given rate of pay for all hours worked is in violation of the FLSA.

22. Defendant, therefore, is liable to Plaintiffs, and others similarly situated, in the amount of their unpaid hours and overtime compensation.

23. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiffs and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

24. As a result of Defendants' willful violations of the Act, Plaintiffs and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF MINIMUM WAGE UNDER THE FLSA

25. Plaintiffs re-allege and incorporate here by reference, all allegations contained in Paragraphs 1 through 24 above.

26. Throughout Plaintiffs employment with Defendant, Defendant failed and refused to compensate Plaintiff at the minimum hourly wage to which he was entitled by reason of Section 6 of the Act, 29 U.S.C. § 206(a)(1).

27.     Plaintiffs are entitled to be paid at the minimum hourly wage for each hour worked per work week.

28.     All similarly situated employees of Defendant are similarly owed minimum wage for each hour they worked and were not properly paid.

29.     Defendant knowingly and willfully failed to pay Plaintiffs and the other similarly situated to them at the required minimum wage rate for all hours worked per week. The failure of Defendant to compensate Plaintiffs at the minimum wage rate of pay for all hours worked is in violation of the FLSA.

30.     Defendant, therefore, are liable to Plaintiffs, and others similarly situated, in the amount of their unpaid hours.

31.     By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiffs and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

32.     As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## DEMAND FOR JURY TRIAL

33.     Plaintiffs demands trial by jury as to all issues so triable.

WHEREFORE, Plaintiffs, ARNALDO NORONA, MAYKEL RIVERA, and RAFAEL A. SANCHEZ, and those similarly situated to them, demand judgment against Defendant, MULTIBAND FIELD SERVICES, INCORPORATED, for the payment of compensation for unpaid minimum wages and all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated,

liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated:  November 19, 2012 	Respectfully submitted,

	s/ Andrew I. Glenn_____
	Andrew I. Glenn, Esq.
	E-mail:  AGlenn@JaffeGlenn.com
	Florida Bar No. 577261
	Jodi J. Jaffe, Esq.
	Email: JJaffe@JaffeGlenn.com
	Florida Bar No. 865516
	**JAFFE GLENN LAW GROUP, P.A.**
	12000 Biscayne Blvd., Suite 707
	Miami, Florida 33181
	Telephone: (305) 726-0060
	Facsimile: (305) 726-0046
	Attorneys for Plaintiffs