UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24135-CIV-GOODMAN

[CONSENT CASE]

ARNALDO NORONA, et al.,

    Plaintiffs,

v.

MULTIBAND FIELD SERVICES, INC.,
et al.,

    Defendants.
_____/

## ORDER APPROVING FLSA SETTLEMENT

This matter is before the Court following a fairness hearing held on August 19, 2013, during which the Court heard from counsel regarding the fairness of the settlement of the plaintiffs' claims alleging violations of the Fair Labor Standards Act ("FLSA") for unpaid overtime wages. Following the August 19 hearing, the Court ordered the parties to submit a joint supplemental memorandum addressing plaintiffs' counsel's across-the-board allocation of attorney's fees in the plaintiffs' settlement agreement with defendant Multiband Field Services, Inc. ("Multiband"), and whether the Court could evaluate the proposed settlement's fairness on a global level as opposed to a plaintiff-by-plaintiff basis. The Court has reviewed the parties' supplemental

memorandum [ECF No. 126], the terms of the parties' settlement agreements,[1] and is otherwise fully advised in the premises.

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

---

[1] Separate settlement agreements were executed as to the claims brought by all of the plaintiffs against Multiband, and the claims brought by a smaller subset of plaintiffs against defendants Groupware International, Inc. and Robert Dean.

The Court considered the factors outlined in *Lynn's Food Stores*, including the strength of the parties' cases, the factual positions of the parties, the existence (or lack thereof) of documents supporting or corroborating the parties' positions, the strength and weaknesses in the parties' respective cases, and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. The plaintiffs have accepted less money than they claim they are owed while the defendants, who have denied liability, have agreed to pay the plaintiffs more than they believe they are due under the law. Both have agreed to settle as a result of reasonable strategic and financial considerations.

Therefore, the Court finds that the settlement here occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable.

As for the issue of attorney's fees, the Court was advised of how much plaintiffs' counsel would be receiving for fees and costs, and the Court is satisfied that the breakdown is reasonable. Plaintiffs' counsel explained that the parties <u>separately</u> negotiated the total amount of attorney's fees <u>after</u> resolving the formula for calculating the plaintiffs' damages [ECF No. 126, pp. 2-3], and that the fees were evenly divided among all of the plaintiffs because many of the tasks performed during the course of the

litigation applied to multiple groups of plaintiffs and could not fairly be allocated on an individual basis. As other courts in this Circuit have found, the best way to ensure that no fees-related conflict taints the settlement is for the parties to reach an agreement as to the plaintiffs' recovery before attorney's fees are considered, and if those matters "are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). That is exactly what the parties did here.

In their joint supplemental memorandum, the parties also cited to a number of cases where the court approved attorney's fee awards in FLSA settlements involving multiple plaintiffs on a collective basis, so long as the individual plaintiffs had reviewed and approved the terms. *See Fernandez v. Harvard Maint., Inc.*, No. 2:11-CV-509-FTM-36SPC, 2011 WL 6934123 (M.D. Fla. Dec. 14, 2011); *Heath v. Hard Rock Café Int'l (STP), Inc.*, No. 6:10-CV344-ORL-28KRS, 2011 WL 5877506 (M.D. Fla. Oct. 28, 2011); *Perry v. M/I Homes, Inc.*, No. 8:08-CV-00491-T-33AEP, 2010 WL 2136503 (M.D. Fla. Feb. 12, 2010). Here, plaintiffs' counsel explained to each individual plaintiff the arbitrary allocation of attorney's fees and that the fees were negotiated separately from the plaintiffs' damages, and each of the plaintiffs agreed to the terms. [ECF No. 126, pp. 2-3].

Moreover, given the number of plaintiffs in this case, and the fact that counsel's work on the case may have from time to time applied only to smaller groups of the

4

collective whole, the Court is satisfied that the attorney's fees breakdown is reasonable. *See Borelli v. Daytona Beach Kennel Club*, No. 6:11-CV-1453-ORL-22DAB, 2012 WL 6761699, at *2 (M.D. Fla. Dec. 19, 2012) (amount of time spent and hourly rates in nine-plaintiff FLSA case were not unreasonable under the circumstances, "which involved a potential collective-action and required more time than the standard FLSA case"). Therefore, the Court concludes that the attorney's fees breakdown is reasonable.

Accordingly, it is **ORDERED** and **ADJUDGED** that the parties' settlement agreements are fair and reasonable, the settlement is **APPROVED** and this action is **DISMISSED WITH PREJUDICE**. The Court reserves jurisdiction for ninety (90) days to enforce the terms of the parties' settlement. The Clerk is directed to **CLOSE THIS CASE** and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers, in Miami, Florida, September 4, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of Record