UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24135-CIV-GOODMAN

[CONSENT CASE]

ARNALDO NORONA, et al.,

    Plaintiffs,

v.

MULTIBAND FIELD SERVICES, INC.,
et al.,

    Defendants.

_____/

### ORDER APPROVING JOINT STIPULATION OF DISMISSAL
### WITH PREJUDICE AS TO PLAINTIFF EGUILDO PEREZ

This matter is before the Court following a fairness hearing held on August 19, 2013, during which the Court heard from counsel regarding the fairness of the settlement of the plaintiffs' claims alleging violations of the Fair Labor Standards Act ("FLSA") for unpaid overtime wages. At the fairness hearing, the Court also questioned plaintiffs' counsel about a joint stipulation of dismissal with prejudice as to plaintiff Eguildo Perez [ECF No. 116], which the parties filed simultaneously with their motion for settlement approval. [ECF No. 117]. For the reasons explained below, the Court accepts and approves Perez's stipulated dismissal of his claims against the defendants.

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and

employees. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; <u>or</u> (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

The Court considered the factors outlined in *Lynn's Food Stores*, including the strength of the parties' cases, the factual positions of the parties, the existence (or lack thereof) of documents supporting or corroborating the parties' positions, the strength and weaknesses in the parties' respective cases, and the parties' desire to resolve the dispute sooner, rather than later.

Plaintiffs' counsel advised at the fairness hearing that Perez had approached him after the case had settled and said that he "wanted out" of the lawsuit. Perez had approved the settlement that had been reached at the mediation between the parties, and he was scheduled to receive approximately $3,000 to $4,000 under the settlement agreement. As counsel explained, Perez had apparently become concerned about the effect that accepting his portion of the settlement proceeds would have on his ability to obtain future employment with other employers. Counsel advised the Court that he explained to Perez that it was unlikely Perez would encounter such a problem, and that, in any event, the fact that Perez had been a plaintiff against an employer was public record and could not be undone. Nonetheless, counsel represented to the Court that despite advice to the contrary, Perez remained adamant in his position that he wanted to dismiss his claims against the defendants. Counsel further represented that no attorney's fees were being awarded under the settlement agreement for services rendered on Perez's behalf.

The Court finds that Perez's dismissal represents an acceptable resolution. Perez decided to forego his entitlement to his portion of the settlement proceeds for the reasons explained above. Both parties took their respective courses of action as a result of reasonable strategic and financial considerations.

The Court cannot force a plaintiff to pursue his claim, even if abandoning the claim would result in a modest financial loss. Although counsel's advice – that his client

move forward with the settlement he agreed to – appears sound, Perez's perspective is not completely irrational, and it is not the Court's role to reject a party's decision to drop a claim merely because his or her counsel urges otherwise.

Therefore, the Court finds that the joint stipulation of dismissal is fair and reasonable.

Accordingly, it is **ORDERED** and **ADJUDGED** that the parties' joint stipulation of dismissal as to Eguildo Perez is **APPROVED,** and this action is **DISMISSED WITH PREJUDICE** as to Perez's claims against the defendants.

**DONE AND ORDERED** in Chambers, in Miami, Florida, September 4, 2013.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies provided to</u>:
All counsel of Record